IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 15-cr-30045 |
| BRIAN CRUM, | ) |
| Defendant. | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant Brian Crum's Motion to Reconsider Detention Order (d/e 268) (Motion). After careful consideration of the submissions of the parties, the Court DENIES the Motion for the reasons set forth below.

## BACKGROUND

On June 23, 2016, Crum pleaded guilty to the charge of conspiracy to manufacture 50 grams or more of methamphetamine. Minute Entry entered June 23, 2016. On October 31, 2016, this Court sentenced Crum to 48 months imprisonment followed by four years of supervised release. Judgment in a Criminal Case (d/e 136).

On December 13, 2018, Crum was released from prison and commenced his term of supervised release. The Petition for Warrant or Summons for

Offender Under Supervision (d/e 259) (Petition) sets forth the history of Crum's supervised release. On June 17, 2019, Crum was detained on a petition to revoke his supervised release for repeated use of methamphetamine and other controlled substances. In July 2019, Crum was released from detention because he was admitted to an inpatient drug treatment program. After completing the drug treatment program, he lived with his mother. In October 2019, Crum's bond was revoked because he again used methamphetamine. On November 4, 2019, the Court revoked his supervised release and sentenced him to six months imprisonment, followed by two years of supervised release. Petition, at 1-2.

On March 16, 2020, Crum began his current period of supervised release. The Probation Office charges that, during this time, Crum used controlled substances six times and has been arrested and charged with new felony charges for possession of methamphetamine and drug paraphernalia. Crum has also been charged with committing domestic battery on his mother. He also failed to attend out-patient drug treatment sessions, left the district without permission, and failed to submit to required drug tests. Petition, at 2-6.

Upon Crum's arrest on the charges in the Petition, Crum waived his right to a detention hearing and was detained. Detention Order entered March 5, 2021 (d/e 263). Crum now asks the Court to reconsider his detention and release him because he has the opportunity to undergo inpatient drug treatment at Preferred

Family in Quincy, Illinois, beginning on May 18, 2021.[1] Upon completing drug treatment, Crum proposes to live in a sober living facility for at least 90 days under home detention with electronic monitoring. Crum does not state clearly where he proposes to reside after the 90 days in a sober living facility, but indicates he wants to help his mother who has been diagnosed with cancer. See Motion, at 2-5. The Government opposes the Motion.

ANALYSIS

This Court may reconsider Crum's detention order if information not known to Crum at the time of the detention hearing has a material bearing on the issue of whether there are conditions of release that will reasonably assure Crum's appearance in this case and the safety of any other person in the community. 18 U.S.C. § 3142(f). The availability of inpatient drug treatment is the change in circumstances. After careful consideration, however, that new information does not demonstrate that conditions of release will reasonably assure Crum's appearance in this case and the safety of persons in the community.

Crum has a very poor record of complying with the orders of this Court. The Court already revoked his supervised release once for repeated violations

---

[1] Crum also mentions his need for continuing treatment for his posttraumatic stress disorder (PTSD) and depression. Motion, at 2-3. Crum states that he was treated for these disorders while in the custody of the Bureau of Prisons and is currently receiving treatment for those conditions during his detention. Motion, at 2-3. The fact that Crum has PTSD and depression is not new information, and he does not need to be released to continue to receive treatment. Crum's depression and PTSD, therefore, are not a basis for reconsideration.

even after completing a prior inpatient drug treatment program.  The Probation Office alleges in the Petition that during Crum's current period of supervised release he has again used controlled substances and violated other terms of his release.  He has also been charged with an additional drug felony as well as domestic battery on his mother.  The fact that he now has a bed at a drug treatment facility does not change his consistent failure to comply with this Court's orders and to engage in more criminal conduct.  The domestic battery charge is particularly troubling.  His willingness to resort to violence poses a significant threat to the safety of members of the community if he is released.  The new information does not change these risks, and so, does not demonstrate that conditions of release will reasonably assure Crum's appearance in this case and the safety of persons in the community.

     THEREFORE, IT IS ORDERED that Defendant Brian Crum's Motion to Reconsider Detention Order (d/e 268) is DENIED.

ENTER:  May 13, 2021

               *s/ Tom Schanzle-Haskins*
             TOM SCHANZLE-HASKINS
      UNITED STATES MAGISTRATE JUDGE